IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

MICHAEL ALLEN KOKOSKI,

        Plaintiff,

v.                                    Case No. 5:07-cv-00039

HATTIE SMALL, Acting Warden,
FCI Beckley,[1]

        Defendant.

### PROPOSED FINDINGS AND RECOMMENDATION

On January 19, 2007, Plaintiff, Michael Allen Kokoski, who is incarcerated at the Beckley Federal Correctional Institution in Beaver, West Virginia, filed a "Civil Rights Complaint for Money Damages" (docket sheet document # 1).  On January 26, 2007, Plaintiff filed an Application to Proceed Without Prepayment of Fees (# 2).  This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding any filing fee, the court must screen each case in

---

[1]  Charles T. Felts, the Warden at FCI Beckley at the time of Plaintiff's filing of his Complaint, has retired.  The Acting Warden, Hattie Small, is hereby substituted as the Defendant herein.

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory.  Denton v. Hernandez, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A claim is "malicious" when it contains allegations which the plaintiff or petitioner knows to be false, it is part of a longstanding pattern of abusive and repetitive lawsuits, or it contains disrespectful or abusive language.  See In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981); Phillips v. Carey, 638 F.2d 207 (10th Cir. 1981).  Thus, a claim is malicious if it is repetitive or evidences an intent to vex the defendant(s) or abuse the judicial process by re-litigating claims decided in prior cases.

A complaint fails to state a claim upon which relief can be granted if "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual

inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Veney v. Wyche, 293 F.3d 726 (4th Cir. 2002) (section 1983 complaint dismissed under 28 U.S.C. § 1915 for failure to state a claim upon which relief could be granted).   However, the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

## **PLAINTIFF'S CLAIM**

In his Complaint, Plaintiff alleges that his right to access to the courts has been impinged because the staff at FCI Beckley will not allow him free photocopies of his legal papers. Specifically, the Complaint states:

3.

On or about December 22, 2005, Plaintiff was designated to serve his federal sentence(s) in custody of Defendant at FCI Beckley.  During which times Plaintiff filed several separate causes to issue the writ of habeas corpus in the cases of Kokoski v. Felts, 5:06-cv-00024, 5:06-cv-00605, 5:06-cv-00763 and 5:06-cv-00849 (S.D. W. Va._____) and a separate civil rights complaint in Kokoski v. Keller et al., 5:06-cv-00730 (S.D. W. Va. _____), as well as several motions in his federal criminal prosecutions (U.S.A. v. Kokoski, 5:92-00090 and 5:96-00064/5:02-00079 (S.D. W. Va. _____)) and petitions for certioririe [sic; certiorari] in the United States Supreme Court.  Id.

4.

However, even though Plaintiff has been incarcerated sence [sic; since] January 1, 1999; and has at all times been found to be indigent, by these courts, in each of these cases; and therefore doubtlessly entitled to

receive free photocopy duplication of meaningful papers or pleadings at government expense under the Federal Bureau of Prisons ("BOP") program statement 1315.07 and the First Amendment to the Constitution, necessary to access to the courts in said cases and/or circumstances. The Defendant has, at all times, denied Plaintiff said right.

5.

Rather, Defendant has unlawfully forced and/or required Plaintiff to sign said form 24's to illegally and unlawfully encumber Plaintiff's Inmate Trust Fund Account in violation of said BOP program statement and First Amendment.

6.

Consequently Plaintiff has been forced into debts that he cannot pay, by Defendant's illegal and unlawful practise [sic; practice] or policy of forcing Plaintiff to sign form 24's to access the courts. Rather than provide Plaintiff photocopy duplications at government expense. As required of Defendant, except for Defendant's deliberate indifference or incompetence in this matter.

7.

And, at Plaintiff's Team Review on January 16, 2007, at 2pm, Defendant's agents Curtis Lipps; Michael Harding and Barbra Fox told Plaintiff that they will no longer make any photocopy duplications necessary for Plaintiff to access courts, in such cases, under any circumstances. Because Plaintiff has filed an informal Administrative Remedy concerning this subject.

(# 1 at 2-4).

## ANALYSIS

A finding by a federal district court that an inmate may proceed in forma pauperis in a civil action pursuant to 28 U.S.C. § 1915 permits the inmate to pay his filing fee in installments and, initially, allows costs such as those associated with service

4

of process, witness fees, and printing of transcripts, where required by the district or appellate courts, to be borne by the government. See 28 U.S.C. § 1915. Pauper status in the court does not have any bearing on whether or not an inmate is responsible for costs or fees associated with his incarceration, such as the cost of photocopies of his legal documents. Thus, the fact that Plaintiff may have been allowed to proceed in forma pauperis in any of the sixteen civil actions that he has filed in this United States District Court, is not determinative of his claim.

The BOP's Program Statement 1315.07 contains the policies for duplication of legal documents for inmates. It states in pertinent part:

> [g. The institution staff shall, upon an inmate's request and at times scheduled by staff, duplicate legal documents if the inmate demonstrates that more than one copy must be submitted to court and that the duplication cannot be accomplished by use of carbon paper. The inmate shall bear the cost, and duplication shall be done so as not to interfere with regular institutional operations. Staff may waive the cost if the inmate is without funds or if the material to be duplicated is minimal and the inmate's requests for duplication are not large or excessive.]
>
> To prevent abuses of this provision (e.g., inmate shows a pattern of depleting his or her commissary funds prior to requesting duplication of legal documents), the Warden may impose restrictions on the provisions of this subsection. In such cases, staff may request that the inmate complete the appropriate form for reimbursement (BP-CMS-21/24) for the amount of legal copies received at government expense. Commissary staff will hold the BP-CMS-21/24 form and charge the reimbursement

> against the inmate's account as soon as the inmate
> has funds (see Trust Fund/Warehouse/Laundry
> Manual).

Plaintiff has not demonstrated that there has been any violation of this program statement by the staff at FCI Beckley. Most of the documents filed by Plaintiff in this court are hand-written documents. Plaintiff has not demonstrated that he is required to submit more than one copy of his filings to the court, particularly in light of the court's CM/ECF docketing system, from which the judges and their staff can obtain copies of documents from their computers, once they have been docketed by the Clerk's Office. Furthermore, Plaintiff has not demonstrated that duplication of his documents cannot be done using carbon paper. Finally, the policy statement does not require the staff to waive the cost of duplication for indigent inmates. Thus, there is no violation of Plaintiff's rights under the program statement.

Plaintiff further alleges that he has been denied his right to access to the courts under the First Amendment to the United States Constitution, which provides that Congress shall make no law prohibiting the right of the people "to petition the Government for redress of grievances." U.S. Const., Amend. I. A claim of denial of the right of a federal prisoner to access the courts may also be addressed under the Fifth Amendment Due Process Clause.

The United States Supreme Court has addressed an inmate's right of access to the courts on several occasions. In <u>Bounds v.</u>

Smith, 430 U.S. 817, 828 (1977), the Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate legal assistance from persons trained in the law."  In Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court reviewed its decision in Bounds v. Smith,, as follows:

> The right that Bounds acknowledged was the (already well- established) right of access to the courts.  In the cases to which Bounds traced its roots, we had protected that right by prohibiting State prison officials from actively interfering with inmates' attempts to prepare legal documents, or file them, and by requiring state courts to waive filing fees, or transcript fees for indigent inmates. * * * In other words, prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts. * * * Insofar as the right vindicated by Bounds is concerned, "meaningful access to the courts is the touchstone," and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

Lewis, 518 U.S. at 350. [Citations omitted.] Thus, the Court has required that an inmate show "actual injury."

A claim similar to Plaintiff's was addressed by the United States Court of Appeals for the Ninth Circuit in Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1991), where the appellant argued that, as an indigent inmate, he had a "constitutional right to unlimited free photocopying."  The Ninth Circuit found as follows:

A denial of free photocopying does not amount to a denial of access to the courts.  See Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir. 1989)("numerous courts have rejected any constitutional right to free and unlimited photocopying").  A right of access claim other than one alleging inadequate law libraries or alternative sources of legal knowledge must be based on actual injury.  Id. at 1171.

In this case, CBCC gave Johnson free paper and carbon paper. CBCC also allowed him to send materials to family and friends for photocopying.  Additionally, paid copying was available to Johnson at a rate of 20¢ a page, arguably a high rate for a prisoner of limited means.

Johnson can only state a claim for denial of access if he points to or alleges a specific "actual injury."

Id. at 521; see also Lyons v. Clark, 694 F. Supp. 184, 188-189 (E.D. Va. 1988)(federal inmate could not demonstrate denial of access to courts based on lack of free photocopying where "his extensive litigation activities belie his claim.")

Since December of 2005, when Plaintiff was designated to serve his sentences at FCI Beckley, Plaintiff has filed eleven civil actions, which are either habeas corpus proceedings pertaining to his criminal judgments of conviction or the calculation of his sentences, or civil rights complaints pertaining to his conditions of confinement.[2]  The court has received documents from Plaintiff

---

[2]  Those matters are: Kokoski v. Felts, Case No. 5:06-cv-00024, Kokoski v. Felts, 5:06-cv-00090, Kokoski v. Felts, 5:06-cv-00605, Kokoski v. Felts, 5:06-cv-00629, Kokoski v. Keller, 5:06-cv-00730, Kokoski v. Felts, 5:06-cv-00763, Kokoski v. Felts, 5:06-cv-00849, Kokoski v. Felts, 5:07-cv-00039 (the instant matter), Kokoski v. Felts, 5:07-cv-00056, Kokoski v. Small, 5:07-cv-00100, and Kokoski v. Small, 5:07-cv-00145.  Each of these matters, with the exception of Case No. 5:06-cv-00024 are pending in this district court.

concerning these matters on a near weekly basis.

Based upon Plaintiff's extensive litigation activities, he has not demonstrated any actual injury to support his claim of denial of access to the courts due to the denial of free photocopies of his legal documents.  Therefore, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Complaint (# 1) be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), and that Plaintiff's Application to Proceed Without Prepayment of Fees (# 3) be **DENIED.**

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall

constitute a waiver of <u>de</u> <u>novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

<table>
<tr><td>   March 21, 2007   </td><td><i>Mary E. Stanley</i></td></tr>
<tr><td>Date</td><td>Mary E. Stanley<br>United States Magistrate Judge</td></tr>
</table>

10