IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MICHAEL KOKOSKI,

            Plaintiff,

v.                                      CIVIL ACTION NO. 5:07-cv-00039

CHARLES T. FELTS,

            Defendant.

**MEMORANDUM OPINION**

By Standing Order entered on August 1, 2006, and filed in this case on January 19, 2007, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation ["PF&R"]. Magistrate Judge Stanley filed her PF&R on March 21, 2007 [Docket 5]. In that filing, the magistrate judge recommended that this Court dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(b)(1) and deny Plaintiff's Application to Proceed Without Prepayment of Fees or Costs [Docket 3].

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). *See also Page v. Lee*, 337 F.3d 411 (4th Cir. 2003); *Johnson v Zema Sys. Corp.*, 170 F.3d 734 (7th Cir. 1999) (if party fails to

object to magistrate judge's report and recommendation in district court, she waives appellate review of both factual and legal questions; if party objects in district court on some issues and not others, she waives appellate review of issues to which she has not objected). After being granted an extension of time to do so, Plaintiff timely filed objections on September 4, 2007.

## I. ANALYSIS

The full factual and procedural history of this action is set forth in the PF&R. In short, Plaintiff, an inmate at FCI Beckley and a frequent litigator in this Court, alleges that his constitutional right of access to courts has been violated because FCI Beckley will not allow him to make free photocopies of his legal papers. Magistrate Judge Stanley recommends dismissal of Plaintiff's Complaint because, while FCI Beckley does not permit prisoners to make free photocopies of their legal documents, prisoners are allowed to make free carbon-copies. Thus, Magistrate Judge Stanley concludes that Plaintiff has not demonstrated any actual injury sufficient to support his claim. The magistrate judge also notes that "A denial of free photocopying does not amount to a denial of access to the courts." *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991) (concluding that the plaintiff suffered no actual injury in his denial of access to the courts claim because he was provided with free carbon paper to make copies).

In his objections, Plaintiff does not address Magistrate Judge Stanley's conclusion that he has suffered no actual injury because he was provided with free carbon-copying. Thus, to the extent that Plaintiff's objections contest the magistrate judge's recommended finding that his Complaint fails to state a claim upon which relief can be granted, those objections are **OVERRULED**, and the Court **ADOPTS** the recommended finding.

The Court also notes that Plaintiff has alleged a new claim in his objections; that Defendants have retaliated against him for his court filings. Specifically, Plaintiff claims that Defendants have "manipulated" his release date, made him ineligible for a comprehensive drug abuse treatment program, removed his childrens' names from an approved visitation list, and discontinued his Kosher meals (collectively, the Retaliation Claims). None of the Retaliation Claims, however, were contained in Plaintiff's Complaint or otherwise presented to the magistrate judge.

Under the Federal Magistrates Act, magistrate judges may "conduct hearings, including evidentiary hearings, and to submit to a [district judge] proposed findings of fact and recommendations for the disposition [of the matter.]" 28 U.S.C. § 636(b)(1)(B). The parties have 10 days to file objections to proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C). However, "[r]eview of a Magistrate's ruling . . . does not permit consideration of issues not raised before the Magistrate. . . . A magistrate's decision should not be disturbed on the basis of arguments not presented to him." *Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship,* 784 F. Supp. 1223, 1228 (E.D. Va. 1991). *See also Maurice v. State Farm Mut. Auto. Ins. Co.*, 235 F.3d 7, 10 (1st Cir. 2000) ("The law is clear that when a dispositive motion is heard before a magistrate judge, the movant must make all her arguments then and there, and cannot later add new arguments at subsequent stages of the proceeding."). In *Jesselson,* the Court concisely states the reasoning underlying this rule:

> This rule is based upon the same concept which prevents parties from arguing in the appellate courts issues and arguments not raised below. Moreover, the purpose of the Magistrates Act is to allow magistrates to assume some of the burden imposed on the district courts and to relieve courts of unnecessary work. Allowing Plaintiffs to present their case to the Magistrate, and then, because they were unsuccessful, present new issues and arguments to this Court frustrates this purpose. The Magistrates Act was not intended to 'give litigants an opportunity to run one version

of their case past the magistrate, then another past the district court.' Plaintiffs have not raised any claim of exceptional circumstances to justify or excuse their failure to make these new arguments before the magistrate.

*Jesselson*, 784 F. Supp. at 1228-29 (internal citations omitted).

Allowing parties, including *pro se* litigants, to raise new issues or arguments at any point in the life of a case will simply result in a needless multiplication of litigation. Parties should fully plead their claims, and fully advance their arguments, at all stages of litigation, unless they are prepared to waive them. Because Plaintiff's "Retaliation Claims" were not presented to the magistrate judge, they will not be considered by the undersigned.

## II. CONCLUSION

Based on the above, the Court adopts the findings and recommendations contained in the PF&R, **DISMISSES** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(b)(1), **DENIES** Plaintiff's Application to Proceed Without Prepayment of Fees or Costs [Docket 3], and **DIRECTS** the Clerk to remove this action for the Court's active docket. A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER:  September 19, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE